■ Kimberly Oleson, an Infant, by Her Father and Natural Guardian, John Oleson, et al., Respondents, v Michael Sweiger et al., Defendants, and G. A. Kayser & Sons, Inc.,

Appellant.—Order unanimously reversed on the law without costs, and defendant G. A. Kayser & Sons, Inc.'s motion granted. Memorandum: In October 1981, Kimberly Oleson, the 15-year-old infant plaintiff, was given a permanent wave at a beauty trade show sponsored by defendant Kayser, a distributor of hair products. Kayser solicited exhibits by manufacturers, who provided their own personnel and demonstrated their own hair products. Kayser supplied some products used at the show from its warehouse and some were shipped by manufacturers directly to the show site. Defendant Helene Curtis Industries, the exhibitor who gave Kimberly her permanent, set up a display booth and demonstration classroom and hired its own beauticians to perform the demonstrations. The permanent apparently caused severe scalp burns, hair loss and other physical and psychological injuries. Her father commenced this action on her behalf, as well as individually, against Helene Curtis, certain of its employees, a modeling school through which Kimberly attended the show, and Kayser. Kayser's motion for summary judgment dismissing the complaint as to it was denied.

The only theory plaintiffs argue on appeal is that Kayser breached its duty to warn Kimberly of the potential dangers of a permanent wave treatment.

We hold that Kayser had no such duty in the circumstances of this case and that Kayser therefore was entitled to summary judgment dismissing the complaint against it. The determination of the existence of a duty depends on the wrongfulness of a defendant's action or inaction and also on "an examination of plaintiff's reasonable expectations of the care owed him by others" *(Turcotte v Fell,* 68 NY2d 432, 437). The affidavits and testimony taken at the EBT submitted on the motion establish that Kayser's connection to Kimberly was tenuous at best. Kayser advertised generally for models for the show, but many of the exhibitors recruited their own models. Kimberly testified that she learned of the show through her modeling teacher and was not recruited by Kayser. When the models appeared at the show, Kayser directed them to a waiting area where the exhibitors selected them for various treatments. Kayser did not select the models, nor did Kayser know which models would be selected or what treatments they would receive. Under the circumstances, both factors set forth in *Turcotte v Fell (supra)* compel the conclusion that Kayser did not owe a duty to warn Kimberly. Kayser had no duty to anticipate that an exhibitor might negligently apply a permanent wave treatment or that the solution might

be defective and to so warn her (see, Prosser and Keeton, Torts § 33, at 199 [5th ed]), and Kimberly, who was neither recruited nor selected by Kayser, could have no reasonable expectation that Kayser owed her such a duty. (Appeal from order of Supreme Court, Monroe County, Curran, J.—summary judgment.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.